

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG 24  P 4: 13

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARRIE HAWKINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-367** |
| **QUAD AREA COMMUNITY ACTION AGENCY, INC.** | **SECTION "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant Quad Area Community Action Agency, Inc.'s Motion for Partial Summary Judgment (Document 22) is **GRANTED**. Plaintiff Carrie J. Hawkins' claim for unpaid annual leave and sick leave is **DISMISSED**.

Hawkins' Motion in Limine to prohibit introduction of evidence pertaining to Hawkins' arrest for misappropriation of funds (Document 21) is **GRANTED IN PART**. Defendant is precluded from referring to Hawkins' arrest for misappropriation of funds, but may introduce evidence of Hawkins' alleged misappropriation without reference to the arrest.



A.   **Background.**

Hawkins alleges that Quad Area fired her on or about October 6, 2003. Hawkins contends that her termination violated federal and state age and race discrimination statutes.[1] She also alleges that defendant violated the Fair Labor Standards Act by failing to pay her at the rate of time and one-half for the overtime hours she worked before her termination, and violated state law by failing to pay her the overtime wages she earned. Additionally, she alleges that defendant took reprisals against her because she objected to or refused to participate in an employment act or practice that was a violation of law.

B.   **Analysis.**

1.   **Defendant's Motion for Partial Summary Judgment.**

Plaintiff has indicated that she intends to argue at trial that she is entitled to be paid for unpaid accrued annual leave and sick leave in the amount of $8,460.00. The complaint does not allege these claims. Plaintiff contends that her Sixth Cause of Action, which pleads a violation of LSA-R.S. 23:631, sufficiently alleges entitlement to unpaid annual leave and sick leave. While this statute provides generally that an employer must pay a terminated employee "the amount then due under the terms of employment," plaintiff's factual averments in connection with this cause of action make clear that her claim is limited to allegedly unpaid overtime wages.[2]

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the

---

[1]   At the pretrial conference, the court suggested that counsel for defendant file a motion for summary judgment on plaintiff's age and race discrimination claims. Defendant has not done so.

[2]   *See* Complaint at ¶ 31 ("Plaintiff made written demand for payment of unpaid overtime wages."); *id.* at ¶ 34 ("Defendant is liable to plaintiff for unpaid overtime, a reasonable attorney's fee and court costs, and is also liable for the statutory penalty of ninety days wages.").

2

claim showing that the pleader is entitled to relief," and a complaint must therefore either "(1) provide notice of the circumstances which give rise to the claim or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *General Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 951 (5th Cir. 1999). Plaintiff's complaint fails to allege the factual elements of a claim for annual leave of sick leave, and fails to apprise defendant of the circumstances giving rise to such a claim. Accordingly, defendant's motion is granted.

2. **Plaintiff's Motion in Limine.**

On July 1, 2005, Hawkins was arrested by the Tangipahoa Parish Sheriff's Department in response to a complaint by Quad Area that Hawkins had misappropriated funds. The misappropriation allegedly occurred when Hawkins wrongfully used agency funds to pay the electricity bills of third parties. Hawkins argues that evidence relating to her arrest is inadmissible.

Rule 402 of the Federal Rules of Evidence provides that "[a]ll relevant evidence is admissible," although relevant evidence may be excluded pursuant to Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, the potential for misleading the jury, or by certain other considerations. Hawkins admits that evidence of her alleged misappropriation could be relevant because Quad Area would have been justified in terminating her if she had misappropriated funds, cutting off her ability to obtain back pay as of the date of defendant's discovery of her misappropriation.

However, evidence of Hawkins' arrest is inadmissible. Rule 609 permits impeachment by evidence of conviction for a crime, not for an arrest, and defendant presents no evidence that

Hawkins has been convicted of the charge against her. Applying the test of Rule 403,[3] the court finds that the danger of unfair prejudice to Hawkins arising from introduction of evidence of her arrest outweighs its probative value. Accordingly, at trial defendant will be allowed to introduce evidence of Hawkins' alleged misappropriation of funds, but may not introduce evidence of her arrest.

New Orleans, Louisiana this 24 day of August, 2005.

Mary Ann Vial Lemmon
United States District Judge

---

[3] *See Williams v. Chevron U.S.A., Inc.*, 875 F.2d 501, 504 (5th Cir. 1989) (applying Rule 403 test to determination whether contents of arrest record could be introduced at trial).